NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ASHLEY E., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY[1], J.N., *Appellees*.

No. 1 CA-JV 16-0080
FILED 10-18-2016

Appeal from the Superior Court in Maricopa County
No. JD 527323
The Honorable James P. Beene, Judge

**AFFIRMED**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Daniel R. Huff
*Counsel for Appellee, Department of Child Safety*

---

[1]     Pursuant to S.B. 1001, Section 157, 51st Leg., 2d Spec. Sess. (Ariz. 2014) (enacted), the Arizona Department of Child Safety is substituted for the Arizona Department of Economic Security in this matter. *See* ARCAP 27.

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

---

D O W N I E, Judge:

¶1             Ashley E. ("Mother") appeals from an order terminating her parental rights.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2             In January 2014, the Department of Child Safety ("DCS") filed a petition seeking to have J.N. — born in May 2011 — declared a dependent child.  DCS had taken custody of J.N. several days previously and alleged in its petition that Mother was "an active heroin user" who had refused substance abuse treatment and neglected J.N. by failing to provide "basic necessities of life, including food, clothing, shelter, medical care and parental supervision."  At a hearing later that month, the juvenile court found J.N. dependent as to Mother.

¶3             The initial case plan called for family reunification.  DCS identified several behavioral changes required of Mother.  Mother, though, "made little effort to demonstrate that she is sober or working towards any kind of substance abuse treatment."  Mother also failed to keep DCS apprised of her whereabouts or "give any assurances that she is not still using heroin."  DCS made two referrals for substance abuse treatment, but Mother did not participate on either occasion.

¶4             In May 2015, after the court changed the case plan to severance and adoption, DCS filed a motion to terminate Mother's parental rights on the grounds of: (1) chronic substance abuse, with "reasonable grounds to believe that the condition will continue for a prolonged indeterminate period[;]" and (2) out-of-home placement for 15 months or longer pursuant to court order. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 8-533(B)(3), (B)(8)(c).  Along with its motion, DCS filed a Notice of Hearing on Motion for Termination of Parent-Child Relationship, which advised that an initial hearing on DCS's motion would occur on June 15, 2015.   The notice also stated, in bold print:

You have a right to appear as a party in this proceeding. You are advised that your failure to personally appear in court at the initial hearing, pretrial conference, status conference, or termination adjudication, without good cause shown, may result in a finding that you have waived your legal rights and have admitted the allegations in the Motion. In addition, if you fail to appear without good cause, the hearing may go forward in your absence and may result in termination of your parental rights based upon the record and the evidence presented to the Court.

**¶5** Mother was not present when the June 15 initial hearing commenced, though her counsel avowed that she was on her way. After adjourning for nearly 90 minutes, the proceedings reconvened, with Mother appearing telephonically. The court set the next hearing for July 27, 2015. Mother did not appear on July 27. The court reset the hearing for August 12. Mother appeared on August 12 and contested the severance motion. The court set both a mediation session and a pretrial conference for October 1, 2015.

**¶6** Mother failed to attend either the mediation or pretrial conference on October 1. DCS asked the court to conduct the severance trial *in absentia*. Over Mother's counsel's objection, the court agreed, noting that Mother had been present in court when the hearing was set and had received a Form 3 notice advising her of the consequences of failing to appear at scheduled hearings. The court found there was no good cause for Mother's absence and proceeded with the severance trial. At the conclusion of the trial, the court ruled that DCS had proven both of the alleged grounds for termination.

**¶7** Mother filed a "Motion for Reconsideration and to Set Aside for Good Cause." She argued that the court exceeded its statutory authority by conducting the severance trial in her absence and contended, without supporting evidence, that good cause existed for her failure to appear because, after the hearing, she had "informed her counsel that she had been hospitalized." The court set Mother's motion for an evidentiary hearing. Mother failed to appear for that hearing. Counsel had no information about Mother's whereabouts and offered no evidence to support the claim that Mother had been hospitalized on October 1.

**¶8** The juvenile court affirmed its determination of "no good cause" for Mother's failure to appear on October 1, as well as its findings in support of the severance decision. The court later issued a signed, written

order terminating Mother's parental rights, from which Mother timely appealed.[2] We have jurisdiction pursuant to Arizona Rule of Procedure for the Juvenile Court ("Rule") 103(A) and A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶9**        Mother's sole contention on appeal is that the juvenile court lacked the authority to proceed to a severance trial when she failed to appear for the October 1 pretrial conference. Specifically, she argues there is a substantive distinction between a severance motion and a severance petition and that the court may proceed *in absentia* after a parent fails to appear for a pretrial conference only if a severance *petition* has been filed. *See* A.R.S. § 8-863(C) ("If a parent does not appear at the [initial] hearing, the court, after determining that the parent has been served as provided in subsection A of this section, may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the failure to appear. The court may terminate the parent-child relationship as to a parent who does not appear based on the record and evidence presented as provided in rules prescribed by the supreme court.").

**¶10**        We review Mother's arguments *de novo* because they require interpretation of statutes and court rules. *See Chartone, Inc. v. Bernini*, 207 Ariz. 162, 167, ¶ 14 (App. 2004) (interpretation of court rules is a question of law that is reviewed *de novo*); *E. Vanguard Forex, Ltd. v. Ariz. Corp. Comm'n*, 206 Ariz. 399, 406, ¶ 19 (App. 2003) (appellate court reviews questions of statutory interpretation *de novo*).

**¶11**        This Court recently addressed the same argument presented in a different severance case, concluding that Rule 64(C) "authorizes the juvenile court to proceed on a motion for termination of parental rights when a parent fails to appear at a pretrial conference."[3] *Marianne N. v. Dep't*

---

[2]        J.N.'s father's parental rights were also terminated, but he is not a party to this appeal.

[3]        Rule 64(C) states:

> A notice of hearing shall accompany the motion or petition for termination of parental rights and shall advise the parent . . . of the location, date and time of the initial termination hearing. In addition to the information required by law, the notice of hearing shall advise the parent . . . that failure to

*of Child Safety*, 1 CA-JV 16-0085, 2016 WL 5746243, at *2, ¶ 7 (Ariz. App. Oct. 4, 2016). We rejected the notion that Rule 64(C) unconstitutionally expands the statutory bases for proceeding in a parent's absence, holding that the rule "is procedural and is not an unconstitutional exercise of judicial authority." *Id*. at *4, ¶ 14; *see also Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 100, ¶ 12 (App. 2007) (interpreting Rule 64(C) as authorizing court to terminate parental rights when parent fails to appear for status conference on pending termination motion).

**¶12** Mother does not contend she received inadequate notice of the October 1 pretrial conference. Indeed, her counsel conceded at the October 1 hearing that notice was not an issue. Nor does Mother challenge the determination that her failure to appear was without good cause. Under these circumstances, and because Rule 64(C) authorized the court to conduct the severance trial in Mother's absence, she has shown no error.

---

appear at the initial hearing, pretrial conference, status conference or termination adjudication hearing, without good cause, may result in a finding that the parent . . . has waived legal rights, and is deemed to have admitted the allegations in the motion or petition for termination. The notice shall advise the parent . . . that the hearings may go forward in the absence of the parent . . . and may result in the termination of parental rights based upon the record and evidence presented.

## CONCLUSION

¶**13**      For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights.



AMY M. WOOD • Clerk of the Court
FILED: AA